UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE RAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-04150 |
| | ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| and | ) |
| | ) |
| MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY CAFETERIA AND WELFARE PLAN, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

1. The Plaintiff, Christine Raines, by and through undersigned counsel, Talia Ravis, files this complaint against Defendants Prudential Insurance Company of America (hereinafter "Prudential"), and Missouri Employers Mutual Insurance Company Long Term Disability Plan (hereinafter "the MEM Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Christine Raines brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132 (a)(1)(B).

3. The Plaintiff, Christine Raines, has at all times material hereto, been a citizen of Callaway County, Missouri.

4. Plaintiff is informed and believes that Defendant Prudential is a New Jersey for-profit corporation doing business in Callaway County, Missouri. Therefore, pursuant to U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. The MEM Plan purchased Prudential long-term disability policy number G-24829-MO ("the LTD Policy"), for the benefit of MEM employees, agreeing to pay Plaintiff, as an MEM Plan participant, long-term disability ("LTD") benefits in the event she became disabled and unable to work on a long-term basis.

6. Prudential is the claims administrator for the LTD Policy.

7. The MEM Plan is an employee welfare plan that provides employee benefits, including LTD insurance, to participants of the MEM Plan in the event they become disabled on a long-term basis. The LTD Policy promises to pay 60% of the employee's monthly earnings. Benefits are payable under the LTD Policy as long as the participant remains totally and permanently disabled, through the employee's Social Security Normal Retirement Age.

8. Prudential actually insures the LTD coverage issued to MEM.

9. Prudential is the payor of Plaintiff's LTD claim.

10. Prudential processed and denied Plaintiff's claim for LTD benefits.

11. Prudential has a financial interest in Plaintiff's LTD claim.

12. Prudential has a conflict of interest in Plaintiff's LTD claim.

## FACTUAL OBLIGATIONS

A. VOCATIONAL INFORMATION

13. Plaintiff incorporates by reference all preceding paragraphs as through fully set forth herein.

14. Plaintiff became employed with MEM in January of 2001.

15. Plaintiff worked as an Actuarial Analyst for MEM.

16. Plaintiff's former occupation as an Actuarial Analyst was a "sedentary" job, requiring frequent standing/walking (34-66% of the time) and continuous sitting (67-100% of the time).

**B. THE DEFINITION OF DISABILITY UNDER THE LTD POLICY.**

17. According to the terms of the LTD Policy, "Total Disability" and "Totally Disabled" are defined as:

*"You are disabled when Prudential determines that:*
- *you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and*
- *you are under the regular care of a doctor, and*
- *you have a 20% or more loss in your monthly earnings due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
- *you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and*
- *you are under the regular care of a doctor.*

*The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

*Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:*
- *your doctors; and*
- *doctors, other medical practitioners or vocational experts of our choice."*
- *work tasks are performed for a specific employer or at a specific location."*
[LTD Policy, page 10]

18. The LTD Policy defines "Material and Substantial Duties" as follows:

*"Material and substantial duties means duties that:*
- *are normally required for the performance of your regular occupation; and*
- *cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."*
- *work tasks are performed for a specific employer or at a specific location."*

[LTD Policy document, page 10]

19. The LTD Policy defines "Regular Occupation" in the following way:

*"Regular occupation means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location."*
[LTD Plan document, page 10]

20. The LTD Policy defines "Gainful Occupation" as follows:

*"Gainful Occupation means an occupation including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*
- *60% of your indexed monthly earnings, if you are working; or*
- *60% of your monthly earnings, if you are not working."*
[LTD Policy, page 12]

**C. MEDICAL INFORMATION SUPPORTING PLAINTIFF'S TOTAL DISABILITY**

21. In October of 2019, Plaintiff was forced to stop working as an Actuarial Analyst due to the disabling effects of seizure disorder, transient ischemia attack, obstructive sleep apnea, hypertension, hyperlipemia, migraines, neck pain, and depression, secondary to her multiple disabling conditions.

22. As a result of her condition, Plaintiff suffers from seizures, chronic fatigue, migraines, headaches, tiredness, confusion, memory loss, loss of balance, vision impairment, and anxiety and depression, secondary to her main disabling conditions.

23. Plaintiff's physicians have consistently held that she has remained totally disabled from the material and substantial duties of her regular or any gainful occupation since she was forced to stop working in October of 2019, and that she continues to remain totally and permanently disabled today.

24. In November of 2020, the Social Security Administration awarded the Plaintiff Social Security Disability benefits. In approving her claim, the Social Security Administration

4
Case 2:22-cv-04150-WJE   Document 1   Filed 10/19/22   Page 4 of 8

[LTD Policy document, page 10]

19. The LTD Policy defines "Regular Occupation" in the following way:

*"Regular occupation means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location."*
[LTD Plan document, page 10]

20. The LTD Policy defines "Gainful Occupation" as follows:

*"Gainful Occupation means an occupation including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*
- *60% of your indexed monthly earnings, if you are working; or*
- *60% of your monthly earnings, if you are not working."*
[LTD Policy, page 12]

**C. MEDICAL INFORMATION SUPPORTING PLAINTIFF'S TOTAL DISABILITY**

21. In October of 2019, Plaintiff was forced to stop working as an Actuarial Analyst due to the disabling effects of seizure disorder, transient ischemia attack, obstructive sleep apnea, hypertension, hyperlipemia, migraines, neck pain, and depression, secondary to her multiple disabling conditions.

22. As a result of her condition, Plaintiff suffers from seizures, chronic fatigue, migraines, headaches, tiredness, confusion, memory loss, loss of balance, vision impairment, and anxiety and depression, secondary to her main disabling conditions.

23. Plaintiff's physicians have consistently held that she has remained totally disabled from the material and substantial duties of her regular or any gainful occupation since she was forced to stop working in October of 2019, and that she continues to remain totally and permanently disabled today.

24. In November of 2020, the Social Security Administration awarded the Plaintiff Social Security Disability benefits. In approving her claim, the Social Security Administration

determined that Plaintiff was unable to perform "any substantial gainful activity" as of the date she stopped working in October of 2019.

D. **CLAIM INFORMATION UNDER THE LTD POLICY.**

25. In October of 2019, Plaintiff was no longer able to work due to the severity of her conditions and filed a claim for short-term disability benefits.

26. In a letter dated October 14, 2019, Prudential approved Plaintiff's claim for short-term disability benefits, acknowledging that she was disabled from performing the material and substantial duties of her regular occupation as an Actuarial Analyst.

27. In a letter dated January 17, 2020, after paying Plaintiff's claim for three months, and despite no change nor improvement in her condition, Prudential abruptly terminated Plaintiff's STD claim and denied Plaintiff's LTD claim.

28. Plaintiff appealed the claim denials, and in April of 2020, Prudential reversed its decisions and reinstated both the STD and LTD claims.

29. Prudential paid Plaintiff short-term disability benefits for the entire short-term disability period. Plaintiff's claim transitioned into long term disability as of January 6, 2021.

30. In December of 2021, without any change or improvement in her condition, Prudential abruptly terminated Plaintiff's LTD claim for the second time.

31. Plaintiff appealed the second denial of her LTD benefits in June of 2022. With her appeal, Plaintiff included a letter of support from her treating physician, Dr. Komal Ashraf, attesting to her total inability to return to work, along with updated medical records showing continuous and consistent treatment for her disabling conditions.

32. Despite this evidence, Prudential upheld the LTD claim denial in a letter dated August 29, 2022.

33. The medical information in the claim file establishes that Plaintiff was entitled to receive LTD benefits under the LTD Policy for the entire duration of the LTD benefit period.

34. Plaintiff's physicians have consistently and continually reported that she remains totally disabled from working in her regular or any occupation.

35. Plaintiff provided significant proof of disability. Despite this proof, Prudential refused to pay her LTD benefits.

36. In terminating Plaintiff's LTD benefits, Prudential acted as a fiduciary in the administration of her claim.

37. Prudential breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of the Plaintiff and failing to act in accordance with the terms of the LTD Policy.

38. Plaintiff has exhausted her administrative remedies.

## CLAIMS FOR RELIEF

**COUNT 1: WRONGFUL TERMINATION OF LONG-TERM DISABILITY BENEFITS**

39. The foregoing paragraphs are hereby realleged and are incorporated herein by reference.

40. From October of 2019 until the present, Plaintiff has remained unable to perform the material and substantial duties of any gainful occupation.

41. Plaintiff has provided Prudential with substantial evidence verifying her total disability and eligibility for continued LTD benefits under the LTD Policy.

42. Plaintiff's physicians have consistently reported that she is unable to work due to the seriousness of her condition.

43. Prudential wrongfully terminated Plaintiff's claim for LTD benefits in violation of the terms of the LTD Policy and ERISA.

44. Prudential has breached the terms of the LTD Policy and the MEM Plan, and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when Prudential knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Policy.

45. Plaintiff is informed and believes and thereon alleges that Prudential wrongfully terminated her LTD benefits under the LTD Policy by other acts or omissions of which she is presently unaware, but which may be discovered in this future litigation and which she will immediately make Prudential aware of once said acts or omissions are discovered.

46. Following the termination of benefits under the LTD Policy, Plaintiff exhausted all administrative remedies required under the MEM Plan and ERISA. As demonstrated by Prudential's actions herein, attempts to pursue further administrative remedies would have been futile.

47. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Policy and the MEM Plan.

48. As a proximate result of the aforementioned wrongful conduct of Prudential and the MEM Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at time of trial.

49. The wrongful conduct of Prudential and the MEM Plan has created uncertainty where non should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Policy and the MEM Plan.

50. Prudential abused its discretion by wrongfully terminating Plaintiff's LTD benefits.

51. By terminating Plaintiff's claim despite a plethora of evidence supporting her eligibility for benefits under the LTD Policy, Prudential terminated Plaintiff's claim in bad faith.

WHEREFORE, The Plaintiff, Christine Raines, requests that this Honorable Court enter Judgment:

A. Finding that Christine Raines is entitled to LTD benefits and order Prudential to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award Christine Raines interest in the amount of past due benefits which remain unpaid.

C. Award Christine Raines her attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

DATE: October 19, 2022

Respectfully Submitted,

By: /s/Talia Ravis
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-333-8955 (tel)
800-694-3016 (fax)
talia@erisakc.com